OPINION
{¶ 1} Defendant-appellant, Michael David George, was tried and convicted on three counts of gross sexual imposition in violation of R.C. 2907.05, a felony in the third degree. For the reasons that follow, we affirm.
 {¶ 2} Defendant's conviction stems from his interaction with two girls — Rachel Tettey and Alyssa Stamper. In February 1999, 12-year-old Rachel and her older brother spent a weekend in the George household so that they could attend a party celebrating defendant's imminent move to New York. At the time of the party, the George household included defendant, his parents and his siblings, Monica, Margaret, Matthew and Mitchell.
 {¶ 3} At trial, Rachel testified that, on the Saturday morning of her stay with the Georges, she was in Monica's bedroom reading. Defendant entered the bedroom, sat down on the bed next to Rachel and put his hand underneath her shirt. Defendant proceeded to grab and massage Rachel's breasts.
 {¶ 4} Later that day, Rachel was in the George's basement watching her brother and defendant play pool. Defendant sat down next to Rachel and took her hand After a while, Rachel realized that defendant had put her hand on his penis. Rachel testified that she gave defendant a dirty look and attempted to pull her hand away. Defendant refused to let her hand go and said that she had "soft hands."
 {¶ 5} A year later, in February 2000, defendant's sister Margaret was babysitting six-year-old Alyssa at the Stamper house. Alyssa testified that she was alone in the second-floor bathroom taking a bath when defendant entered the bathroom. When Alyssa left the bathtub, defendant handed her a towel and followed her into her bedroom across the hall. Although Alyssa asked him to leave, defendant remained in her bedroom. Alyssa testified that she dressed in her pajamas and laid down on her twin-sized bed. Defendant laid down next to her, put his hand underneath her clothing and rubbed the outside of her genitalia. Alyssa cried and pretended to be asleep.
 {¶ 6} On September 28, 2001, defendant was indicted for one count of gross sexual imposition based upon his sexual contact with Alyssa. On May 3, 2002, defendant was indicted for five counts of gross sexual imposition based upon his sexual contact with Rachel. The fifth count of the second indictment included a sexual predator specification.
 {¶ 7} The two cases were joined and tried before a judge. During the trial, the prosecutor dismissed Counts 2, 3 and 4 of the second indictment. On October 9, 2002, the trial court convicted defendant on the single count of the first indictment, and Counts 1 and 5 of the second indictment. The trial court, however, found defendant not guilty of the sexual predator specification to count five of the second indictment. After the trial court sentenced defendant to a total of two years of imprisonment, defendant filed these appeals.
 {¶ 8} On appeal, defendant assigns the following assignment of error:
Appellant's conviction was not supported by the evidence. Furthermore, the court erred in overruling appellant's motion for acquittal pursuant to Criminal Rule 29 and [the] conviction was against the manifest weight of the evidence.
 {¶ 9} We will review the denial of defendant's Crim.R. 29 motion together with defendant's challenge to the sufficiency of the evidence because appellate courts use the same standard to review both. State v.Ali, 154 Ohio App.3d 493, 2003-Ohio-5150, at ¶ 21. In State v. Jenks
(1991), 61 Ohio St.3d 259, the Ohio Supreme Court delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
Id., at paragraph two of the syllabus.
 {¶ 10} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v.Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v.Thomas (1982), 70 Ohio St.2d 79, 79-80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001),90 Ohio St.3d 460, 484; Jenks, supra, at 273.
 {¶ 11} In the case at bar, defendant first argues that the evidence was insufficient to establish that he was the person responsible for molesting Alyssa. Defendant points to the testimony of Eric Stamper, Alyssa's uncle, that Alyssa told him that Matthew George, not defendant, gave her a "long kiss." Further, defendant asserts that Alyssa's confusion as to the identity of the person who touched her is demonstrated by her failure to remember the date of the sexual contact, what defendant was wearing, or whether he said anything. We disagree. Alyssa testified that defendant, not Matthew, touched her. Further, Dr. Charles Johnson, a member of the child abuse team at Children's Hospital, testified that, during his interview of Alyssa, she identified defendant as the person who touched her. Given this testimony, we conclude that sufficient testimony established that defendant touched Alyssa in a sexual manner.
 {¶ 12} Second, defendant argues that the evidence is insufficient to establish that he touched Rachel with "the purpose of sexually arousing or gratifying" himself. In order to convict a defendant of gross sexual imposition, the state must prove beyond a reasonable doubt that the defendant had "sexual contact" with another. R.C. 2907.05(A). "Sexual contact" is defined as "touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexuallyarousing or gratifying either person." (Emphasis added.) R.C. 2907.01(B). Defendant maintains that the evidence, at best, demonstrates that he only made inadvertent contact with Rachel's breasts while massaging her back and that any contact Rachel's hand made to his lap was incidental. Thus, defendant argues the evidence does not show that he acted for the purpose of sexual arousing or gratifying himself.
 {¶ 13} Absent an admission, proof of a defendant's purpose or specific intent invariably requires circumstantial evidence. State v.Mundy (1994), 99 Ohio App.3d 275, 288. Consequently, when determining whether a touching was undertaken for the purpose of sexual arousal or gratification, a trier of fact may consider the type, nature and circumstances surrounding the contact. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 22, quoting State v. Cobb (1991),81 Ohio App.3d 179, 183. See, also, In re Anderson (1996),116 Ohio App.3d 441, 443-444. From these facts, a trier of fact may infer a defendant's purpose in making the physical contact. Raver, supra, at ¶ 22.
 {¶ 14} In the case at bar, Rachel testified that defendant came into the room where she was sitting, deliberately put his hand under her shirt and touched her breast. Further, Rachel testified that defendant put her hand directly on his penis and prevented her from removing her hand when she objected. Nothing about Rachel's description of either incident suggests that defendant's actions were accidental or inadvertent. Thus, given Rachel's testimony, sufficient evidence was presented from which a rational trier of fact could infer that defendant acted with the purpose of sexually arousing or gratifying himself.
 {¶ 15} Accordingly, we overrule defendant's assignment of error to the extent he asserts that the trial court erred in denying his Crim.R. 29 motion and that the evidence was insufficient to support his conviction.
 {¶ 16} We now turn to defendant's assertion that his conviction is against the manifest weight of the evidence. Unlike a challenge to the sufficiency of the evidence, a challenge that the manifest weight of the evidence does not support a conviction requires an appellate court to act as a "thirteenth juror." When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompson (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 17} In the case at bar, defendant first argues that the testimony given by Alyssa and Rachel is not credible. We disagree. Although we may weigh the credibility of the witnesses when determining whether a conviction is against the manifest weight of the evidence, we must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28. Here, the trial court specifically determined that Alyssa's and Rachel's testimony was credible. Our review of the record supports this conclusion. Both Alyssa's and Rachel's testimony was consistent with their prior retellings of defendant's actions and with the other evidence.
 {¶ 18} Further, we disagree with defendant's argument that Rachel's credibility is lessened because her testimony at trial supposedly varied with her testimony before the grand jury. Defendant has no knowledge of the substance of Rachel's testimony before the grand jury, and is merely assuming that her testimony must have changed because the state dismissed three of the five counts against defendant. Because this argument is based solely upon defendant's supposition, we find it unpersuasive.
 {¶ 19} Defendant also argues that his repeated denials of any sexual contact with Alyssa during the police interrogation should weigh against his conviction. Like the trial court, we do not find this evidence credible or persuasive.
 {¶ 20} Accordingly, we overrule defendant's assignment of error to the extent that he asserts that his conviction is against the manifest weight of the evidence.
 {¶ 21} For the foregoing reasons, we overrule defendant's assignment of error and affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
Bowman and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.