The STATE of Ohio, Appellee,

v.

DRAYER, Appellant.

[Cite as *State v. Drayer*, 159 Ohio App.3d 189, 2004-Ohio-6120.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–1033.

Decided Nov. 18, 2004.

190

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth Gilbert, for appellee.

Tyack & Pausch and Carma R. Pausch, for appellant.

FRENCH, Judge.

{¶ 1} Plaintiff-appellee, the state of Ohio, has filed an application for reconsideration, pursuant to App.R. 26(A), requesting that this court reconsider its judgment rendered September 23, 2004, by which we reversed Robert Drayer's judgment of conviction on two counts of gross sexual imposition. The test for deciding a motion for reconsideration in the court of appeals is whether

the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278.

{¶ 2} In our previous decision, we addressed facts involving Drayer's contact with two 14–year–old girls in the vestibule of an apartment building. Both girls alleged that defendant-appellant Drayer placed his hand inside their clothing, restrained them from leaving the scene, and made verbal threats to them and to others while in their presence. Appellant was charged with two counts of gross sexual imposition, having sexual contact with another whose submission is purposely compelled by force or threat of force. After hearing instruction on both gross sexual imposition and sexual imposition, the jury convicted appellant on both counts of gross sexual imposition, and the trial court sentenced appellant accordingly. On appeal, by a two-to-one majority, we reversed, finding that there was insufficient evidence of force to support his conviction for gross sexual imposition.

{¶ 3} The state now argues that this court incorrectly determined that evidence of appellant's conduct after the sexual contact could not be considered in determining the presence of the element of force, that other evidence of force was not adequately considered, that even without other evidence of force, the remaining assignments of error are not moot (as the majority decision held), and that this court should now either reconsider its holding that there was insufficient evidence of force or overrule the remaining assignments of error and modify the verdict to reflect a conviction on the lesser included offense of sexual imposition.

{¶ 4} In discussing the issue of force, the majority in our previous decision stated the following:

> In determining whether force was established, it must be noted, contrary to appellee's assertion, the circumstances which occurred after the sexual contact cannot be considered in determining whether appellant used force to compel sexual contact with [the victims]. Instead, the relevant time-frame includes the events leading up to, and during, the sexual contact.

*State v. Drayer,* Franklin App. No. 03AP–1033, 2004-Ohio-5061, 2004 WL 2803426, at ¶ 28.

{¶ 5} Upon further reflection and additional review of the transcript and pertinent case law, we conclude that this statement was a misstatement of the law on force in this context. Instead, the dominant rule appears to be that all of the circumstances surrounding the sexual contact are relevant and may be considered by the jury in determining whether force or the threat of force was

used against the victim. See, e.g., *State v. Schaim* (1992), 65 Ohio St.3d 51, 55, 600 N.E.2d 661 ("A threat of force can be inferred from the circumstances surrounding sexual conduct"); *State v. Dye* (1998), 82 Ohio St.3d 323, 328, 695 N.E.2d 763 (court considered surrounding circumstances in deciding whether force was used, including the fact that defendant told the victim he would not be the victim's friend if the victim told someone about the abuse, and victim thought defendant might hit him if he told); *State v. Stokes* (1991), 72 Ohio App.3d 735, 596 N.E.2d 480 (jury could consider force issue where, inter alia, defendant threatened victim after rape that if she told what had happened, he would hurt victim's mother); *State v. Hudson* (Dec. 23, 2003), Delaware App. No. 02 CAA 12065, 2003 WL 23008978, at ¶ 50–53 (defendant's threats after molestation could be considered part of surrounding circumstances supporting finding of force).

{¶ 6} Therefore, in this case, the jury could consider testimony by both girls that, after placing his hand inside their clothing, appellant refused to allow them to leave, grabbed the arm of one of the girls when she attempted to leave, told his girlfriend's son to go back upstairs, and told another girl who happened upon the scene to go away, thereby isolating the victims from contact with others who might help them. This evidence, if believed by the jury, would support a finding that appellant used force or the threat of force to make sexual contact with his victims because it demonstrated that his interaction with the girls was character-ized by threats and intimidation to the degree that they feared him and did not feel free to leave the scene.

{¶ 7} Based upon this analysis, we agree with the state that our prior opinion, based as it was upon a more limited interpretation of the evidentiary require-ments for proving gross sexual imposition, resulted in a holding that was incorrect as a matter of law. Thus, we sustain appellee's motion for reconsidera-tion.

{¶ 8} This result requires us to now rule upon the remaining issue in appel-lant's first assignment of error—whether the evidence supported the element of purpose—and appellant's second, third, and fourth assignments of error, which we had declared moot in our previous opinion.

{¶ 9} In his first assignment of error, appellant also argued that the evidence was insufficient to show purpose—that is, that appellant's contact with the girls was "for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). In *State v. George*, Franklin App. No. 02AP–1412, 2003-Ohio-6658, 2003 WL 22927381, at ¶ 13, this court noted that a jury may look to circumstantial evidence to find proof of purpose:

Absent an admission, proof of a defendant's purpose or specific intent invariably requires circumstantial evidence. * * * Consequently, when deter-

mining whether a touching was undertaken for the purpose of sexual arousal or gratification, a trier of fact may consider the type, nature and circumstances surrounding the contact.  * * * From these facts, a trier of fact may infer a defendant's purpose in making the physical contact.

{¶ 10} As appellant argues, not all touching of a person's breast or buttocks is for the purpose of sexual gratification—for example, if the touching is inadvertent.  Here, while appellant admitted that he may have brushed against the girls, he claims that there was no evidence that the alleged contact underneath the girls' clothing was inadvertent.  On the contrary, the evidence concerning the "type, nature, and circumstances" of these contacts was sufficient for the jury to find purpose:  appellant placed his hand down one girl's shirt, touching her nipple area, and inside the other girl's pants, touching her buttocks, thus making contact with both girls for several seconds.

{¶ 11} Having found that the state presented sufficient evidence to prove the elements of force and purpose, we overrule appellant's first assignment of error.

{¶ 12} Appellant's second assignment of error claims that the two guilty verdicts were against the manifest weight of the evidence.

{¶ 13} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "13th juror."  Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.  The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses.  See *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.  The power to reverse on manifest weight of the evidence should be used only in exceptional circumstances when " 'the evidence weighs heavily against the conviction.' "  *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 14} As partially addressed above, the evidence in this case does not weigh heavily against conviction but, rather, favors conviction.  There was ample testimony at trial that, if believed, established that appellant confronted the victims in the vestibule of the apartment building, lectured them on their behavior, touched, grabbed, or otherwise restrained them in a way that prevented their movement, shouted at others who came upon the scene so that they would leave, and put his hands inside the victims' clothing.  Appellant argues, primarily, that the 14–year–old girls lacked credibility, as evidenced by their subsequent break-in to appellant's apartment.  As the state points out, however, under a

manifest-weight review, questions of weight and credibility are for the trier of fact. *DeHass*, 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, at paragraph one of the syllabus. A trier of fact is free to believe all, part, or none of the testimony of each witness. *State v. Long* (1998), 127 Ohio App.3d 328, 335, 713 N.E.2d 1; *State v. Woodward*, Franklin App. No. 03AP–398, 2004-Ohio-4418, 2004 WL 1879037, at ¶ 18. Here, the jury heard from defense witnesses, defense counsel, and even the two girls about the break-in. The jury could have found that the girls lacked credibility, could have believed that the girls contrived their story as a way to remove appellant from the apartment building and steal his belongings, or could have rejected the girls' testimony for that or any other reason. Obviously, the jury believed the girls.

{¶ 15} At the same time, the jury heard evidence that tended to discount the testimony of appellant and other defense witnesses. While appellant and his girlfriend's sons testified that appellant did not touch the girls, except perhaps to brush past them, the boys admitted to having discussed the case with appellant and their mother; one of the boys admitted that appellant and the boys' mother told him to say that appellant did not touch the girls; some evidence suggested that neither of the boys was in a position to really see what took place; and another resident, William Howell, testified that he saw appellant with his arms around the girls. While defense counsel sought to impugn the credibility of the girls, the sister of one of the girls corroborated the girls' story; and the grandmother of one of the girls testified that the girl was "hysterical crying" immediately after the alleged incident. And, while defense counsel focused on the fact that no glitter was found on appellant, evidence also showed that appellant would have had time to wash his hands after the incident. Given this abundance of evidence tending to show appellant's guilt, we cannot say that the jury's verdict was against the manifest weight of the evidence.

{¶ 16} Because we find that the trier of fact did not lose its way or create a miscarriage of justice in finding that the evidence supported convictions for gross sexual imposition, we overrule appellant's second assignment of error.

{¶ 17} Appellant's third assignment of error argued that he was denied a fair trial because the trial court repeatedly permitted the prosecutor to lead his own witnesses and that the prosecutor engaged in improper conduct during his opening statement and his closing argument.

{¶ 18} The test for prosecutorial misconduct is, first, whether the conduct is improper and, second, whether the conduct prejudicially affected the substantial rights of the accused. *State v. White* (1998), 82 Ohio St.3d 16, 22, 693 N.E.2d 772. The prosecutor's conduct cannot be grounds for a new trial unless the conduct deprives the defendant of a fair trial. *State v. Keenan* (1993), 66

Ohio St.3d 402, 405, 613 N.E.2d 203. Even if the prosecutor's statements during closing arguments are improper, reversal based upon those statements is warranted only if the statements permeate the entire atmosphere of the trial. *State v. Tumbleson* (1995), 105 Ohio App.3d 693, 699, 664 N.E.2d 1318.

{¶ 19} Here, we agree with appellant that the prosecutor asked some leading questions and that the trial court admonished him for his conduct. We do not agree, however, that these actions rose to the level of misconduct or that they denied appellant a fair trial. As appellant points out, the trial court repeatedly sustained defense objections to the prosecutor's questions and admonished the prosecutor to stop leading witnesses. More important, appellant has not shown that the prosecutor's actions deprived appellant of a fair trial. Instead, the record shows that the trial court maintained a level playing field by making these rulings and limiting the prosecutor to appropriate questions. See *State v. Joseph* (Dec. 23, 1993), Allen App. No. 1–91–11, 1993 WL 531858 ("Appellant has failed to demonstrate how the leading questions asked by the prosecutor created an unfair trial when the court sustained defense counsel's objections to such questions and the prosecutor would then rephrase the question").

{¶ 20} Nor can we agree that the prosecutor's reference in his opening statement to other allegations involving appellant amounted to misconduct. The transcript reflects lengthy discussions among the court, defense counsel, and the prosecutor concerning appellant's altercation, just prior to the alleged incident with the girls, with a boy on a bike outside the apartment building. The court sustained a defense motion in limine to exclude a tape of an interview in which appellant discusses the altercation with police, pending the court's review of the tape. Thereafter, during opening statements, the prosecutor, in general terms, twice mentioned the incident. The prosecutor did not, however, identify appellant as a participant in, or the cause of, the incident. In any event, the trial court sustained defense counsel's objections to the prosecutor's statement, and appellant has failed to present any evidence that, given the court's handling of this issue, the prosecutor's actions deprived appellant of a fair trial.

{¶ 21} Finally, we cannot agree that the prosecutor engaged in prejudicial misconduct during his closing argument. Appellant argues that the prosecutor mischaracterized and misstated the evidence, including his recollection of one witness, William Howell. As the state notes, prosecutors have wide latitude in closing arguments. *State v. Davis* (1996), 76 Ohio St.3d 107, 119, 666 N.E.2d 1099. *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 473 N.E.2d 768. As noted, the test for prosecutorial misconduct is whether the remarks made by the prosecution were improper and, if so, whether they prejudicially affected the substantial rights of the accused. *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 470 N.E.2d 883. "The touchstone of analysis

'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Loch,* Franklin App. No. 02AP–1065, 2003-Ohio-4701, 2003 WL 22064070, at ¶ 43, quoting *Smith v. Phillips* (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78. While a prosecutor may not present his or her belief about a witness's credibility, a prosecutor may point out that other evidence corroborates that witness's testimony. *State v. Carpenter* (1996), 116 Ohio App.3d 615, 624, 688 N.E.2d 1090; *State v. Draughn* (1992), 76 Ohio App.3d 664, 670, 602 N.E.2d 790. Here, the prosecutor spoke at length about Howell's testimony and characterized him as a person "with nothing to gain and nothing to lose." Given defense counsel's contrary characterization of that same testimony, the jury was free to believe or disbelieve it, and appellant has shown no prejudice.

{¶ 22} The prosecutor's conduct, taken as a whole, did not rise to the level affecting appellant's substantial rights or depriving him of a fair trial. Therefore, we overrule appellant's third assignment of error.

{¶ 23} Appellant's fourth assignment of error charges that he was denied a fair trial by ineffective assistance of trial counsel. The two-prong test for determining ineffective assistance is found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in which the court held, at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

{¶ 24} With regard to this assignment of error, appellant argues, first, that defense counsel should have sought a mistrial based upon prosecutorial misconduct in the form of leading questions. As discussed above, we find that defense counsel consistently objected to leading questions, and the trial court consistently sustained the objections and directed the prosecutor to change course. A mistrial is an extreme remedy, "declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1, citing *Illinois v. Somerville* (1973), 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425. Based on this record, we cannot find that defense counsel's failure to move for a mistrial rendered him ineffective.

{¶ 25} Second, appellant argues that counsel's representation was inadequate because he sought and obtained a motion in limine to exclude evidence of appellant's altercation with another child in the apartment complex just prior to

the events leading to his arrest but then failed to object when evidence regarding this altercation was actually introduced by one witness's testimony. In response, the state points out that the prosecutor instructed the witness not to describe what she saw outside the window. Defense counsel could reasonably have chosen not to object to the witness's testimony because an objection would have highlighted appellant's involvement in another alleged altercation in the same time frame or because this testimony shed light on the incident without impugning appellant, explained why the girls had been looking out the window, explained appellant's demeanor when he entered the building, and provided a possible explanation for his desire to lecture the girls. Under these circumstances, it was reasonable for defense counsel not to object.

{¶ 26} Third, appellant takes issue with trial counsel's failure to assert that the state had not shown that appellant had the required purpose of sexual gratification. However, during his closing argument, defense counsel argued specifically that the state had not proven purpose. But, in any event, as noted above, we find that the jury could have inferred purpose from the evidence presented. Therefore, defense counsel's actions in that regard were not prejudicial to appellant.

{¶ 27} Finally, appellant argues that defense counsel failed to timely file a Crim.R. 29(C) motion after the jury returned its verdicts. Because we find that the state presented sufficient evidence to support appellant's conviction, appellant suffered no prejudice from defense counsel's failure to file a timely Crim.R. 29(C) motion.

{¶ 28} Taking the transcript as a whole, we cannot say that it reveals representation so deficient as to prejudice appellant's defense. Therefore, we overrule appellant's fourth assignment of error.

{¶ 29} Based upon these considerations, we grant the state's motion for reconsideration and vacate this court's prior opinion reversing and remanding appellant's conviction on two counts of gross sexual imposition. Upon reconsideration of the facts and law, we now overrule appellant's first, second, third, and fourth assignments of error and affirm the judgment of conviction of the Franklin County Court of Common Pleas.

Motion for reconsideration granted,
and judgment affirmed.

PETREE and KLATT, JJ., concur.