OPINION
{¶ 1} Defendant-appellant, S.C.T., appeals the decision of the Butler County Juvenile Court, adjudicating her a delinquent child for committing gross sexual imposition. We affirm the trial court's decision.
 {¶ 2} On August 20, 2003, Keyonia D. invited appellant, her daughter's cousin, to spend the night at her home. Keyonia slept on her couch that evening, and permitted appellant to sleep in her bedroom. That night, Keyonia's five-year-old son, D.D., went into the bathroom, and noticed there was no toilet paper after he had already pulled his pants down. D.D. went into his mother's bedroom, where appellant was sleeping, in search of toilet paper. While D.D. was in the bedroom, with his pants still pulled down, appellant looked at him, touched his penis, and then manipulated it. Keyonia walked into the bedroom while appellant was still manipulating D.D.'s penis, screamed at her, and asked her what she was doing. Appellant stated that she had done nothing. Keyonia then took her son to the police department.
 {¶ 3} On September 19, 2003, the juvenile court held a delinquency hearing. At the conclusion of the hearing, the juvenile court found appellant to be delinquent for committing an act that would constitute gross sexual imposition in violation of R.C. 2907.05 if committed by an adult. The juvenile court ordered appellant committed to the legal custody of the Department of Youth Services for an indefinite period no less than six months and not to exceed her 21st birthday. Appellant appeals her adjudication, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "Appellant's adjudication and sentence must be reversed as the court entry fails to reflect adjudication."
 {¶ 6} Appellant argues that her adjudication and sentence are in error because there has been no journalized adjudication of delinquency by the court. Appellant maintains that her adjudication must be reversed because of the juvenile court's error. We
 {¶ 7} Appellant is correct in her assertion that "* * * courts speak only through journalized entries." State ex rel. Nelson v. Griffin,103 Ohio St.3d 167, 168, 2004-Ohio-4754. However, courts also possess the inherent authority to put on an entry, nunc pro tunc, to correct errors in judgment entries so that the record speaks the truth. In re Estate ofCook (1969), 19 Ohio St.2d 121, 127. "The province of a nunc pro tunc entry is to correct the record of the court in a cause so as to make it set forth an act of the court, which though actually [performed at a prior proceeding], was not entered upon the journal; and it cannot lawfully be employed to amend the record so as to make it show that some act was done at a former [proceeding] which might or should have been, but was not, then performed." Cleveland Leader Printing Co. v. Green
(1895), 52 Ohio St. 487, paragraph one of the syllabus.
 {¶ 8} The record indicates that on September 19, 2003, the juvenile court found orally on the record that based on the evidence presented, "* * * the court would have to make a finding of delinquency based on the charge Gross Sexual Imposition." While the court's judgment entry on that date does not reflect an adjudication of delinquency, the court issued an "Amended Judge's Final Appealable Order" on March 24, 2004 which states, "[appellant] was adjudicated a delinquent child on September 19, 2003 by reason of having committed an act which if committed by an adult would constitute a Felony III, to wit: a violation of 2907.05 (Gross Sexual Imposition) of the Ohio Revised Code."
 {¶ 9} While the trial court captioned its March 24, 2004 entry an "Amended Judge's Final Appealable Order," it would have been proper for the court to caption it as a nunc pro tunc entry. However, we will treat the trial court's amended order as a nunc pro tunc entry, as the effect of the order is to correct an omission to reflect the finding of delinquency the trial court actually made on September 19, 2003. Appellant's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "Appellant's delinquency adjudication must be vacated as it was entered upon insufficient evidence and is against the mani-fest weight of the evidence."
 {¶ 12} Appellant argues that the state failed to present sufficient evidence to support her adjudication of delinquency based on the charge of gross sexual imposition. Specifically, appellant maintains that the evidence presented is insufficient to support the finding that appellant touched D.D. for the purpose of sexually arousing or gratifying either person.
 {¶ 13} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court examines the evidence admitted at trial to determine whether the evidence, viewed in a light most favorable to the state, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Goodwin, 84 Ohio St.3d 331, 343-344,1999-Ohio-356.
 {¶ 14} Appellant was adjudicated a delinquent child for committing an act that would constitute gross sexual imposition in violation of R.C.2907.05 if committed by an adult. R.C. 2907.05 provides that:
 {¶ 15} "(A) No person shall have sexual contact with another, not the spouse of the offender; [or] cause another, not the spouse of the offender, to have sexual contact with the offender; * * * when any of the following applies:
 {¶ 16} "* * *
 {¶ 17} "(4) The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 18} According to R.C. 2907.01(B), "`[s]exual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 19} While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. See In re D.S., Warren App. Nos. CA2004-04-036 and 046,2005-Ohio-1803, ¶ 19, citing In re Anderson (1996), 116 Ohio App.3d 441,444. Whether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. Anderson at 443-444;State v. Mundy (1994), 99 Ohio App.3d 275, 289. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. Id.; Statev. Cobb (1991), 81 Ohio App.3d 179.
 {¶ 20} Appellant maintains that the record is devoid of any circumstantial or direct evidence to show that appellant touched D.D. for the purpose of sexual arousal or gratification of either person. After reviewing the record, we disagree.
 {¶ 21} At the hearing, D.D. testified that appellant was awake and looking at him when she touched and then "twisted" his penis. Keyonia corroborated D.D.'s testimony by stating that when she entered the room, appellant was awake and "squeezing" D.D.'s penis. Also, it is undisputed that the touching occurred while appellant and D.D. were alone in a bedroom. Viewing this evidence in a light most favorable to the state, we conclude that the trial court could reasonably infer from the evidence presented that appellant touched D.D. for the purpose of sexual arousal or gratification of either person. Accordingly, we find that the state presented sufficient evidence to prove the required element of purpose.
 {¶ 22} Also, appellant argues that her adjudication is against the manifest weight of the evidence. Appellant argues that the weight of the evidence supports the finding that appellant did not touch D.D. for the purpose of sexual arousal or gratification of either person. Again, we disagree.
 {¶ 23} In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must weigh all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Thompkins, 78 Ohio St.3d at 387. However, an appellate court must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of the witnesses. State v. Drayer,159 Ohio App.3d 189, 195, citing State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Also, an appellate court should reverse a conviction based on the manifest weight of the evidence only in exceptional circumstances when "the evidence weights heavily against the conviction." Thompkins at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 24} After weighing the evidence and all reasonable inferences therefrom and considering the credibility of the witnesses, we determine that the trier of fact did not lose its way in adjudicating appellant delinquent for committing gross sexual imposition. The juvenile court was in the best position to judge the credibility of the witnesses and to resolve conflicts in their testimony. A trier of fact is free to believe all, part, or none of the testimony of each witness. Drayer at 196, citing State v. Long (1998), 127 Ohio App.3d 328, 335. Here, the juvenile court heard appellant's testimony and found that she lacked credibility. We will not question that determination.
 {¶ 25} Appellant's adjudication is supported by the sufficiency of the evidence, and her adjudication is not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is overruled.
 {¶ 26} Judgment affirmed.
Walsh, P.J., and Young, J., concur.