DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dora Ann Thomas, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} In a secret indictment, Ms. Thomas was charged with one count of trafficking in cocaine, in violation of R.C.2925.03(A)(1), a first degree felony. Ms. Thomas pled not guilty to the charge, and the matter was set for trial. A jury found Ms. Thomas guilty, finding that the amount of cocaine involved was 991.9 grams. The trial court sentenced Ms. Thomas accordingly.
 {¶ 3} Ms. Thomas timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S ORAL MOTION FOR DIRECTED VERDICT PURSUANT TO CRIMINAL RULE 29 BECAUSE THE APPELLEE PRESENTED INSUFFICIENT EVIDENCE IN ORDER TO MEET EACH AND EVERY ELEMENT OF THE OFFENSES OF TRAFFICKING IN COCAINE PER R.C. 2925.03(A)(1)."
 {¶ 4} In her first assignment of error, Ms. Thomas asserts that there was insufficient evidence to convict her of trafficking in cocaine. Specifically, Ms. Thomas argues that the prosecution failed to present any evidence of the fact that she knowingly sold or offered to sell cocaine, and second, that no evidence was presented to indicate that she actually sold or offered to sell cocaine.
 {¶ 5} We observe that Ms. Thomas failed to renew her Crim.R. 29 motion for acquittal at the appropriate time. Rather than renewing her motion after presenting her defense, she attempted to renew the motion after the jury was instructed and charged. "A defendant waives any error `in the overruling of the motion for judgment of acquittal by failing to renew her motion at the close of all the evidence' unless the case is tried to the bench." State v. Turner (Aug. 23, 2000), 9th Dist. No. 19751, at *4, quoting Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163. If a defendant fails to renew her motion for acquittal, she waives her right to rely upon the ruling on such motion, thereby failing to preserve the issue for appeal. Turner, at *4, citingState v. Childress (June 29, 1988), 9th Dist. No. 4320, at *3. Furthermore, "a defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial."Turner, at *4, quoting State v. Liggins (Aug. 18, 1999), 9th Dist. No. 19362, at *3; State v. Roe (1989), 41 Ohio St.3d 18,25.
 {¶ 6} Ms. Thomas not only failed to renew her Crim.R. 29 motion for acquittal at the appropriate time, but also did not move for a judgment of acquittal under Crim.R. 29(C) after the jury returned a guilty verdict. Since Ms. Thomas waived any objection under Crim.R. 29 to the sufficiency of the evidence, she may not challenge the sufficiency of the evidence on appeal. See Turner, at *4.
 {¶ 7} Ms. Thomas' first assignment of error is overruled.
 B. Second Assignment of Error
"THE JURY ERRED IN FINDING THE APPELLANT GUILTY OF TRAFFICKING IN COCAINE PURSUANT TO R.C. 2925.03 (A)(1) BECAUSE THE FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In her second assignment of error, Ms. Thomas asserts that her conviction was against the manifest weight of the evidence. We disagree.
 {¶ 9} When a defendant asserts that her conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} In the instant case, Ms. Thomas was convicted of trafficking in cocaine, in violation of R.C. 2925.03(A)(1), which provides, "No person shall knowingly * * * [s]ell or offer to sell a controlled substance[.]" R.C. 3719.01(AA) defines "sale" to include "delivery, barter, exchange, transfer, or gift, or offer thereof, and each transaction of those natures made by any person, whether as principal, proprietor, agent, servant, or employee." See, also, R.C. 2925.01(A).
 {¶ 11} In this case, the State produced several witnesses for their case in chief. Daniel Wehrmeyer, an agent with the U.S. Department of Justice, Drug Enforcement Administration, testified that he obtained information from a confidential informant regarding Lisa Forney, who had indicated to the informant that she was attempting to do a $25,000 drug transaction for a kilogram of cocaine. The Akron Police Department established surveillance at Forney's residence in Akron, Ohio, the informant was provided $25,000 in cash, and Wehrmeyer monitored the transaction between the informant and Forney, which occurred at a McDonald's on East Market Street in Akron, Ohio.
 {¶ 12} Detective Brian Callahan from the Akron Police Department Narcotics Unit testified that he observed Forney leave her house to first meet the confidential informant at the Kentucky Fried Chicken on Wooster Avenue in Akron. On the way, Callahan followed Forney to Simons Perkins Middle School, where Forney picked up one of her children and then drove the child to her residence. Callahan continued to follow her to Ms. Thomas' residence at 857 Lindsay Avenue in Akron, the location of which the investigators already had knowledge. Forney was observed at Ms. Thomas' residence for a short period of time, and then she drove directly to McDonald's to meet the confidential informant. Forney exited her vehicle, got into the front passenger seat of the informant's vehicle, and the informant gave the predetermined "bust" signal when he saw Forney bring out the cocaine. Forney was then arrested without incident, and 991.9 grams of cocaine were seized from her person.
 {¶ 13} Forney then provided the police with a statement and agreed to cooperate with the police in the court proceedings, in exchange for a lesser-degree felony plea. Forney admitted to Wehrmeyer during the investigation that she had done deals as an intermediary with Ms. Thomas in the past, as well. Forney testified at trial and confirmed this fact, and testified that she has known Ms. Thomas for several years. She testified that on the day in question, Ms. Thomas came to her home to collect a previous debt from a previous drug transaction. Forney testified that the next day, Ms. Thomas came to her house again, to collect the balance of the previous debt. However, Forney did not have the money, and in order to clear this debt, Ms. Thomas asked Forney to find a buyer for another transaction.
 {¶ 14} Forney testified that she later received a phone call from someone who was looking for drugs, and arranged a meeting with the individual, who turned out to be the informant, at the Kentucky Fried Chicken. They met there and agreed that Forney would obtain a kilogram of cocaine in exchange for $25,000. Forney testified that she then left, went to pick up her daughter from school, returned her daughter to her home, called Ms. Thomas, and headed out to Ms. Thomas' residence. Forney entered Ms. Thomas' residence with an empty shoebox to conceal the drugs. She testified that Ms. Thomas then went into another room in the house and returned with the cocaine. However, Forney testified that Ms. Thomas did not want Forney to use the shoebox to conceal the drugs, and instead stuffed the drugs down the front of Forney's pants. Forney then left Ms. Thomas' residence and immediately drove to McDonald's to meet the buyer. At McDonald's, she got into the front passenger seat of the buyer's car, and gave the buyer the drugs. At the buyer's instruction, she exited the vehicle and opened the trunk to get the $25,000. Forney confirmed that she was arrested at that point.
 {¶ 15} After a careful review of the record, this Court cannot conclude that the trial court lost its way and created a manifest miscarriage of justice when it found Ms. Thomas guilty of trafficking in cocaine. See Otten, 33 Ohio App.3d at 340.
 {¶ 16} Ms. Thomas solely argues that the State failed to meet its burden of persuasion because Forney's testimony was not credible and conflicted in several instances. While it is questionable whether some of the examples of testimony Ms. Thomas raises in fact conflict, we need not specifically make that determination here. This Court has frequently stated that we will not overturn the verdict because the finder of fact chose to rely on other testimony and reasonable inferences when there is conflicting testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [finder of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at *5. It is primarily the finder of fact's duty to assess the credibility of witnesses. State v. DeHass
(1967), 10 Ohio St.2d 230, 231. As this Court has previously noted, the finder of fact
"is able to observe the witnesses testify and can evaluate body language, voice inflection, and facial expressions. These are valuable tools for assessing credibility[,] tools which are not available to an appellate court working from the record alone. As such, a [finder of fact's] assessment of credibility is entitled to considerable deference.
"The deference that is due to a [finder of fact's] assessment of credibility is reflected in the limitation placed on an appellate court in reviewing the [finder of fact's] resolution of conflicting testimony. An appellate court does not have free reign to engage in a de novo review of the [finder of fact's] resolution of conflicting testimony." (Citations omitted.) State v. Belter (Aug. 25, 1999), 9th Dist. No. 2888-M.
 {¶ 17} In this case, the trial court as the finder of fact had the primary opportunity to review all of the testimony, and weigh the evidence and credibility of each witness to reconcile any conflicting evidence. We will not usurp this role on appeal.
 {¶ 18} Based upon the foregoing, we find that Ms. Thomas' conviction is not against the manifest weight of the evidence.
 {¶ 19} Ms. Thomas' second assignment of error is overruled.
 C. Third Assignment of Error
"THE APPELLANT'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED BY THE MISCONDUCT OF THE APPELLEE, BY AND THROUGH THE PROSECUTOR."
 {¶ 20} In her third assignment of error, Ms. Thomas asserts that several statements made by the prosecutor during closing arguments rose to the level of prosecutorial misconduct and were so prejudicial that they denied her constitutional right to a fair trial under the United States and Ohio Constitutions. We disagree.
 {¶ 21} Counsel is afforded wide latitude during closing arguments to present the most convincing position. State v.Suttles (Nov. 15, 2000), 9th Dist. No. 19453, at *5. The prosecution may urge its theory of what the evidence indicates, so long as it does not mislead the jury. State v. Malone (Sept. 24, 1986), 9th Dist. Nos. 12533 12542, at *5. Furthermore, the prosecution may point out what evidence corroborates its witnesses' testimony without expressing a personal belief about the witnesses' credibility. State v. Drayer,159 Ohio App.3d 189, 2004-Ohio-6120, at ¶ 21.
 {¶ 22} In reviewing allegations of prosecutorial misconduct, we must to consider the complained-of conduct in the context of the entire trial. State v. Wright, 9th Dist. No. 02CA008179, 2003-Ohio-3511, at ¶ 9. Ultimately, the prosecuting attorney's trial conduct can only be made a ground for error on appeal if the conduct deprives the defendant of a fair trial. State v.Apanovitch (1987), 33 Ohio St.3d 19, 24.
 {¶ 23} Ms. Thomas raises several statements made by the prosecutor during trial that she asserts prejudiced her right to a fair trial. First, Ms. Thomas argues that the following statements constituted an improper expression of personal opinion as to Forney's credibility as a witness:
"Two years [Forney] has to serve. She was scared to come in here yesterday. There was [sic] a lot of tears they day before. But she wants to get home with her kids. And you know, it would have stopped after their interview if they didn't think what she was saying was the truth.
"* * *
"They're agreeing that's cocaine. They're agreeing that's 991 grams. It's an awful lot of dope. And if you believe what Miss Forney testified to, that she stopped at 857 Lindsay and picked up that dope, then you are bound to find Ms. Thomas guilty and make her take responsibility the way Miss Forney did.
"* * *
"And when she stopped at that address, after saying she had to get the stuff from her people, you better believe that they suspected that cocaine came from [Ms.] Thomas."
 {¶ 24} In this instance, the prosecutor was not expressing a personal opinion regarding Forney's credibility; rather, she was asserting that the evidence supports her testimony. It is proper for the prosecution to comment upon the evidence in closing argument and to state the appropriate conclusions to be drawn.State v. Strobel (1988), 51 Ohio App.3d 31, 39; State v.Draughn (1992), 76 Ohio App.3d 664, 670. The prosecution may urge its theory of what the evidence indicates, so long as it does not mislead the jury. Malone, at *5. Thus, we cannot conclude that this series of statements rises to the level of prosecutorial misconduct.
 {¶ 25} Additionally, Ms. Thomas presents a statement made by the prosecution during closing arguments that made reference to Forney's testimony regarding her visit at Ms. Thomas' house and subsequent stop at McDonald's to make the sale. Ms. Thomas argues that the following statement made by the prosecution made the jury believe that Ms. Thomas had the burden of persuasion: "Believe her or don't, but consider [Forney's] testimony along with everything else you've heard and there's no other explanation. It's uncontested." However, we fail to see how this statement mentioned or suggested a shift in burden of persuasion to the defense; rather, it simply reiterates the finder of fact's duty to weigh all of the evidence. Moreover, the prosecution is permitted to comment on the strength of its case. State v.Jones (Jan. 31, 1996), 9th Dist. No. 17213, at *14. Therefore, we find no error in this statement.
 {¶ 26} Finally, Ms. Thomas argues that the prosecution attempted to convince the jury that Ms. Thomas threatened Forney while Forney was in prison. She maintains that the following portion of the argument is unsubstantiated by trial testimony and served to convince the jury of Ms. Thomas' guilt:
"But Ms. Thomas is smart, because she finds somebody else to transport the drugs. She finds somebody else to meet with people to obtain the money. She finds somebody else to bring her back that money while she sits inside her house and waits. And you know what she thought? You know what she thought after this transaction? She thought Miss Forney was not going to tell on her.
"* * *
"That's what she thought. She called Miss Forney at the prison and said, you're going to testify against me? You know, on the streets, that's a bad thing. You're a snitch. When you get out of prison, you better watch out because you're a snitch."
Forney did testify that Ms. Thomas phoned her in prison and indicated she was not happy about Forney testifying against her. The state concedes that the testimony did not show that the word "snitch" was used. However, we are reminded that closing arguments are not evidence, State v. Frazier (1995),73 Ohio St. 3d 323, 338, and the court in this case explicitly instructed the jury that in listening to closing arguments, the jury was to rely upon its own recollection of the evidence. The improper conduct of an attorney during closing argument does not rise to the level of being prejudicial unless the improper conduct is pervasive and repetitive and not simply a brief prosecutorial lapse. State v. Sammons (Dec. 17, 1997), 9th Dist. No. 18209, at *11, citing State v. Liberatore (1982), 69 Ohio St.2d 583,589-90. Upon a review of the closing argument in its totality, and in reviewing this statement in light of the entire trial, we find no prejudice to Ms. Thomas. See Wright at ¶ 9.
 {¶ 27} Ms. Thomas' third assignment of error is overruled.
 III. {¶ 28} Ms. Thomas' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., Concur.