OPINION
{¶ 1} Defendant-appellant, David S. Gale, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a jury verdict, of two counts of gross sexual imposition in violation of R.C. 2907.05. Because the sufficiency and manifest weight of the evidence support defendant's convictions, we affirm.
 {¶ 2} According to the state's evidence, on the evening of February 28 and the early morning hours of March 1, 2002, defendant and the victim, an "on again and off again" couple, met for a late dinner and concluded their evening at the victim's apartment. Once inside, the victim recognized the telephone number of defendant's ex-girlfriend on the caller I.D., became upset, and questioned defendant about his relationship with his ex-girlfriend. After the victim relented, the two showered to get ready for bed. The couple was drying off when defendant's ex-girlfriend again called. The couple's struggle over the telephone ended with defendant's pushing the victim into the shower tub and then into the bathroom toilet. Defendant prevented the victim from exiting the bathroom.
 {¶ 3} According to the victim, she eventually escaped defendant's grasp to reach the bedroom. The couple continued to argue in the bedroom, where defendant pushed and held the victim down on the bed. After slapping her across the face, defendant threatened to kill her family if she continued to scream for help. The victim eventually dressed and sat on the living room couch where, at some point, defendant stood in front her and demanded fellatio. Unable to execute on his demand, defendant removed the victim's clothes, held her down, and vaginally raped her on the living room floor as he repeatedly banged her head against the floor. Defendant then moved her to the bedroom and vaginally raped her on the bed. Seeing the victim in tears, defendant became remorseful and threatened to cut his own wrists with a kitchen knife. The victim assuaged defendant and eventually convinced him to leave her apartment.
 {¶ 4} The victim testified that after defendant left her apartment, she called her grandparents and then 911. The victim informed her grandparents and the 911 operator that defendant hit her, but she did not tell them she was raped. City police officers responded to the victim's call, and when the officers acknowledged they would take only a report of domestic violence, the victim told them defendant forced sex on her.
 {¶ 5} The officers transported her to the hospital for a physical examination. Nurse Baatz externally and internally examined the victim, observing a quarter-size abrasion on the victim's back, consistent with the victim's being pushed into a toilet. Baatz also detected a mark on the victim's cheek, consistent with a slap. Baatz did not find any other external injuries or any internal sign of trauma or injury.
 {¶ 6} After the police interviewed the victim, they obtained an arrest warrant and went to defendant's apartment. Defendant refused to come out and threatened to kill the police with handguns, high-powered rifles, and plastic explosives if they attempted to enter. Defendant's threats prompted the police to evacuate the area and call in the SWAT team, fire department, and bomb squad. The SWAT team eventually apprehended defendant.
 {¶ 7} In contrast to the state's evidence, defendant testified that after he knocked the victim down in the bathroom, he helped her up, and the two went into the bedroom to dress. The couple then sat on the living room couch and continued arguing about defendant's ex-girlfriend. As the argument began to escalate, defendant testified he got up, left the victim's apartment, and returned to his own apartment. Defendant proceeded through the next day with his regularly scheduled activities without speaking to the victim.
 {¶ 8} By indictment filed January 31, 2003, defendant was charged with four counts of rape, two counts of gross sexual imposition, kidnapping, attempted rape, and inducing panic. After a four-day trial, the jury found defendant guilty of two counts of gross sexual imposition and inducing panic but not guilty of two counts of rape and kidnapping. The remaining two counts of rape and attempted rape were dismissed. The trial court imposed a nine-month prison sentence for each count of gross sexual imposition, to be served concurrently with each other and consecutively to a nine-month sentence for inducing panic.
 {¶ 9} Defendant appeals, assigning two errors:
Assignment of Error Number One
The trial court erred in denying Appellant's Motion for Acquittal as the jury's guilty verdict on both charges of gross sexual imposition were [sic] not supported by sufficient evidence.
Assignment of Error Number Two
The convictions for gross sexual imposition were against the manifest weight of the evidence.
 {¶ 10} In the first assignment of error, defendant contends the trial court erred in denying his motion for acquittal on the gross sexual imposition convictions. When reviewing a trial court's decision to deny a motion for acquittal, an appellate court applies the same test as if reviewing the challenge based on the sufficiency of the evidence. State v. George, Franklin App. No. 02AP-1412, 2003-Ohio-6658, citing State v. Ali,154 Ohio App.3d 493, 2003-Ohio-5150. Sufficiency of the evidence inquires "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goodwin (1999), 84 Ohio St.3d 331,343-344, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The verdict will not be disturbed unless it is determined that reasonable minds could not have reached the conclusion the trier of fact reached. Goodwin, at 344.
 {¶ 11} R.C. 2907.05(A)(1) governs the offense of gross sexual imposition and provides, in pertinent part, that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender purposely compels the other person * * * to submit by force or threat of force." "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). The jury may infer from the circumstances involved that the offender has the purpose to sexually arouse or gratify. State v. Schmitz, Franklin App. 05AP-200, 2005-Ohio-6617, ¶ 6.
 {¶ 12} Defendant claims the evidence is insufficient to support his gross sexual imposition convictions because the state failed to prove he had "sexual contact" with the victim. Defendant argues the jury's verdicts finding him not guilty on both counts of rape specifically demonstrate that defendant did not commit sexual contact by forced vaginal intercourse. Because the state presents no other evidence of sexual contact, defendant asserts the evidence insufficiently supports his gross sexual imposition convictions.
 {¶ 13} Consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal. State v. Adams (1978), 53 Ohio St.2d 223, vacated in part on other grounds, 439 U.S. 811; State v.Trewartha, Franklin App. No. 04AP-963, 2005-Ohio-5697, ¶ 15. Each count of a multi-count indictment is deemed distinct and independent of all other counts, and thus inconsistent verdicts on different counts do not justify overturning a guilty verdict. See State v. Hicks (1989), 43 Ohio St.3d 72, 78; State v.Brown (1984), 12 Ohio St.3d 147, paragraph one of the syllabus;State v. Washington (1998), 126 Ohio App.3d 264, 276. "[T]he sanctity of the jury verdict should be preserved and could not be upset by speculation or inquiry into such matters to resolve the inconsistency." State v. Lovejoy (1997), 79 Ohio St.3d 440,444.
 {¶ 14} Relevant to his appeal, defendant was indicted on two separate counts of rape and two separate counts of gross sexual imposition. The jury found defendant guilty on both counts of gross sexual imposition under R.C. 2907.05(A)(1) but not guilty on both counts of rape under R.C. 2907.02(A)(1). Gross sexual imposition is a lesser included offense of rape when based on the same conduct: its elements are identical to rape except that the type of sexual activity involved in gross sexual imposition is "sexual contact," while "sexual conduct" is necessary for a rape conviction. State v. Johnson (1988), 36 Ohio St.3d 224; cf. R.C. 2907.01(A) and (B).
 {¶ 15} Although the victim testified that defendant forced her to submit to vaginal intercourse, a term specifically described as "sexual conduct," the jury's determination that defendant did not commit rape does not affect his convictions for gross sexual imposition. Because the state separately charged defendant with several counts of rape and gross sexual imposition, defendant's gross sexual imposition convictions remain irrespective of their rational incompatibility with the jury's finding defendant not guilty of rape, provided the evidence is sufficient to sustain the convictions. See Adams,
supra; but cf. State v. Wilkins (1980), 64 Ohio St.2d 382
(clarifying that a judge should not instruct a jury on a lesser included offense, not charged in the indictment, if under no reasonable view of the evidence could the jury find the defendant not guilty of the greater offense and guilty of the lesser offense).
 {¶ 16} The state presented sufficient evidence, when construed in the state's favor, that defendant on two occasions compelled the victim to engage in sexual contact by physical force. The victim testified defendant held her down, banged her head against the ground and forced her to summit to vaginal intercourse on the living room floor and in the bedroom. Her testimony that defendant held her down satisfies the element of force. Moreover, because vaginal intercourse cannot occur without defendant touching the victim's erogenous zone, State v. Sallee
(July 19, 1991), Ashtabula App. No. 90-A-1512, the evidence sufficiently proves defendant had sexual contact with the victim on two occasions. Accordingly, the evidence is sufficient to prove defendant committed two counts of gross sexual imposition. Defendant's first assignment of error is overruled.
 {¶ 17} In the second assignment of error, defendant contends his convictions for gross sexual imposition are against the manifest weight of the evidence. When presented with a manifest weight challenge, the appellate court engages in a limited weighing of the evidence to determine whether sufficient, competent, credible evidence permits reasonable minds to find guilt beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. To make the determination, the court reviews the entire record as the "thirteenth juror" and decides whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Determinations of credibility and weight of the testimony remain within the province of the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 18} Defendant argues that the victim's testimony was so inconsistent and lacking in credibility that no reasonable juror could believe the victim's version of the incidents giving rise to his convictions. Specifically, defendant asserts the victim denied having a serious relationship with defendant despite evidence that they shopped for an engagement ring. Defendant also notes the victim's delay in reporting sexual assault, the inconsistencies between the victim's trial testimony and her statements to Nurse Baatz, and the victim's improbable testimony that her phone accidentally dialed defendant's parents the day defendant was released from custody following his arrest. Defendant contends such discrepancies undermine the victim's credibility and heavily weigh against the convictions. Defendant contends his version of the events never wavered, was corroborated by the evidence, and truly depicted the events on the night in question.
 {¶ 19} The jury heard both the victim's and defendant's version of the events. Defendant pointed out the inconsistencies in the victim's testimony and impeached her credibility before the jury. The jury evaluated the weight and credibility of each witness and could have believed defendant left the victim's apartment without incident, though that scenario does not explain defendant's actions in barricading himself in his apartment when police arrived. The jury instead chose to believe the victim's testimony that defendant forcefully had sexual contact with her on two occasions. Because the jury could properly believe the victim's testimony, and because the jury is in the best position to determine the credibility of each witness by taking into account inconsistencies, as well as witnesses' manner and demeanor, on this record we cannot conclude the jury lost its way. Accordingly, defendant's second assignment of error is overruled.
 {¶ 20} Having overruled defendant's two assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Petree and McGrath, JJ., concur.