[Cite as *State v. Jordan*, 2012-Ohio-1905.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2011 CA 00238 |
| JOSEPH JORDAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Canton Municipal Court, Case No. 2011 CRB 2471


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 30, 2012


APPEARANCES:

For Plaintiff-Appellee

JOSEPH MARTUCCIO
CANTON LAW DIRECTOR
TYRONE D. HAURITZ
CITY PROSECUTOR
TASHA FORCHIONE
ASSISTANT PROSECUTOR
218 Cleveland Avenue, SW
Post Office Box 24218
Canton, Ohio 44701-4218

For Defendant-Appellant

KIMBERLY L. STOUT
ASSISTANT PUBLIC DEFENDER
200 West Tuscarawas Street
Canton, Ohio 44702

*Wise, J.*

**{¶1}** Appellant Joseph A. Jordan appeals his sentence and conviction entered in the Canton Municipal Court on one count of domestic violence.

**{¶2}** Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** Appellant Joseph A. Jordan lives with Jessica Shelton. He is also the father of three of her four children. (T. at 63).

**{¶4}** On May 5, 2011, Appellant and Ms. Shelton, who was approximately eight months pregnant and had been ordered to restrictive bed rest by her treating physician, got into an argument because she had not completed washing the dishes. (T. at 64, 66).

**{¶5}** Ms. Shelton telephoned her father, James Shelton, and told him about the argument. (T. at 67, 83-84). Mr. Shelton, in turn, contacted the Canton Police Department and told the dispatcher "[f]rom what I understand, he hit her, and she is pregnant….She's pregnant…He shouldn't hit her anyway, and he definitely can't hit her when she is pregnant." (T. at 85, 93).

**{¶6}** Canton Police Officers Shackle and Taylor were dispatched to the residence. (T. at 97, 105-106). During their interview with Ms. Shelton, she informed the officers that she and Appellant had argued and that "the argument turned physical, and her boyfriend struck her in the left hip and buttocks area with his hands two to three times." *Id.* Ms. Shelton further informed the officers that this was not the first time that Appellant had been violent with her, and that he had hit her on previous occasions. (T. at 98, 107).

**{¶7}** Appellant was placed under arrest and removed from the residence. *Id.*

**{¶8}** A Complainant Statement was prepared for Ms. Shelton, which she signed, stating "I, Jessica Shelton, would like to make the following statements, on 5-5-11 at 503 11th St. NW, Joseph Alvin Jordan, did knowingly cause or attempt to cause harm to a family or household member, Jessica Addie Shelton." (T. at 111).

**{¶9}** On July 20, 2011, Defendant-Appellant was charged with one count of domestic violence, a misdemeanor of the first degree, in violation of R.C. §2919.25(A). The State alleged that Defendant-Appellant had struck his live-in pregnant girlfriend in the hip area two to three times during a verbal argument about housework.

**{¶10}** At his arraignment on July 20, 2011, Defendant-Appellant entered a plea of Not Guilty.

**{¶11}** A trial by jury was held on October 7, 2011.

**{¶12}** At the trial in this matter, the State presented testimony from Jessica Shelton, James Shelton, and Officers Shackle and Officer Taylor.

**{¶13}** Ms. Shelton testified that she did not read the Complainant Statement or NIBRS report. (T. at 72, 74). She further testified that she signed both documents with the understanding that Appellant would be released from the Stark County Jail the following day. (T. at 71, 78). Ms. Shelton went on to tell the jury of her close bond with Appellant, that she still loved him, that she wanted to continue raising children with him, and that she was concerned about the possible consequences of a conviction for Domestic Violence. (T. at 73, 80).

**{¶14}** Officer Shackle and Officer Taylor testified that during the course of the investigation Ms. Shelton did not deny the allegation that Appellant struck her multiple times, nor did she ask the police not to arrest Appellant. (T. at 99, 111).

**{¶15}** Appellant testified in his own defense and denied striking Ms. Shelton. He also testified that he has resided with James Shelton since the incident. (T. at 127).

**{¶16}** At the conclusion of the trial following deliberations, the jury found Defendant-Appellant guilty as charged.

**{¶17}** The trial court sentenced Defendant-Appellant to serve 68 days in the Stark County Jail with 7 days credit. Defendant-Appellant was taken into custody immediately. The trial court also ordered Defendant-Appellant to sign up and comply with the Summit Psychological program for anger management counseling and 2 years of probation.

**{¶18}** Appellant now appeals, assigning the following errors for review:

### ASSIGNMENT OF ERROR

**{¶19}** "I. THE APPELLANT'S CONVICTION FOR DOMESTIC VIOLENCE IS UNSUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

### I.

**{¶20}** In his sole Assignment of Error, Appellant argues that his conviction is against the manifest weight and sufficiency of the evidence.

**{¶21}** Specifically, Appellant argues that because Jessica Shelton recanted her original statement to the police and her father, James Shelton, recanted his statement

to the 911 dispatcher, that his conviction is against the manifest weight and sufficiency of the evidence.

**{¶22}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶23}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also*, *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

**{¶24}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, 552 N.E.2d 180, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. The trier of fact "has the best opportunity to view the demeanor, attitude, and

credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, 1997-Ohio-260.

**{¶25}** Appellant was convicted of one count of Domestic Violence, in violation of R.C. §2919.25(A) which provides:

**{¶26}** "No person shall knowingly cause or attempt to cause physical harm to a family or household member."

**{¶27}** In the case *sub judice*, the State presented evidence that Shelton made a statement to police that Appellant was angry at her over housework, and that they argued and that he struck her several times. The State presented the testimony of both responding officers and the 911 audio tape made by Jessica Shelton's father, James Shelton.

**{¶28}** From the evidence presented concerning the circumstances surrounding the encounter between Appellant and Shelton, a rational trier of fact could find that Appellant knowingly attempted to cause physical harm to Shelton.

**{¶29}** In this case, the jury chose to believe the State's evidence. A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. *State v. Raver,* 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21. Neither is a conviction against the manifest weight of the evidence because the trier of fact believed the state's version of events over the appellant's version. *State v. Gale,* 10th Dist. No. 05AP-708, 2006-Ohio-1523, ¶ 19; *State v. Williams,* 10th Dist. No. 08AP719, 2009-Ohio-3237, ¶ 17. The trier of fact is free to believe or disbelieve all or any of the testimony. *State v. Jackson* (Mar. 19, 2002), 10th Dist. No. 01AP-973; *State v. Sheppard* (Oct. 12, 2001), 1st Dist. No. C-000553. The trier of fact is in the best

position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *State v. Williams,* 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 58; *State v. Clarke* (Sept. 25, 2001), 10th Dist. No. 01AP-194. Consequently, an appellate court must ordinarily give great deference to the fact finder's determination of the witnesses' credibility. *State v. Covington,* 10th Dist. No. 02AP-245, 2002-Ohio-7037, ¶ 28; *State v. Hairston,* 10th Dist. No. 01AP-1393, 2002-Ohio-4491, ¶ 74.

{¶30} Based on the evidence presented, we find sufficient credible evidence to support the jury's guilty verdicts and cannot say that the jury clearly lost its way and created a manifest miscarriage of justice when it convicted Appellant.

{¶31} Appellant's sole Assignment of Error is overruled.

{¶32} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0413

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO       :
           :
  Plaintiff-Appellee    :
           :
-vs-          :     JUDGMENT ENTRY
           :
JOSEPH JORDAN      :
           :
  Defendant-Appellant   :     Case No. 2011 CA 00238

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

             _____

             _____

             _____

                JUDGES