[Cite as *State v. Nero*, 2012-Ohio-4033.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| vs. | : | |
| | : | Case No. 2012 CA 00015 |
| PATRICK NERO | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No.  2011CR 1129


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       September 4, 2012


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOHN D. FERRERO                        GEORGE URBAN
STARK COUNTY PROSECUTOR                116 Cleveland Avenue, NW
RONALD MARK CALDWELL                   Suite 808
ASSISTANT PROSECUTOR                   Canton, Ohio  44702
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1} Appellant Patrick Nero appeals his conviction on one count of having weapons while under disability entered in the Stark County Common Pleas Court following a trial by jury.

{¶2} Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} On July 29, 2011, at approximately 12:30 a.m., Canton Police Officer Michael Rastetter received a call of possible domestic trouble at the residence of Gail Nero located at 1653 Woodland Avenue, N.W. According to the call, Appellant Patrick Nero was on his way to said residence armed with a gun. Upon arriving at the location, Officer Rastetter and his partner spoke with the residents, Appellant's parents, and were let inside the Nero apartment, located on the bottom portion of the building. Within ten minutes of their arrival, the door bell rang, and upon verifying that Appellant was the one at the door, the police officers went outside to confront Appellant.

{¶4} Appellant was immediately patted down for weapons, and finding none, Officer Rastetter engaged in conversation with Appellant. Appellant protested that he wasn't doing anything wrong, and that he just wanted to visit his parents. Appellant's father came outside shortly afterwards, and let his son into their apartment. Appellant's mother had also come outside, so Officer Rastetter started talking with her about the situation. As he was talking with her, Officer Rastetter looked down the two-step porch and saw something shiny near the bushes. He shined his flashlight onto the object and saw that it was a silver revolver.

{¶5} Upon discovering the revolver, Officer Rastetter's partner brought Appellant back outside, read him his constitutional rights, and asked him about the gun. Appellant admitted that he had brought the gun to his parents' house, having taken it from his girlfriend's apartment without anyone's knowledge. He stated that as he approached his parents' apartment, he noticed the police cruiser parked in front and ditched the gun by the bushes, hoping to retrieve it after the police left.

{¶6} While Officer Rastetter did detect an odor of alcohol from Appellant, he observed that Appellant appeared coherent, did not slur his speech, and did not stumble.

{¶7} As a result of Nero's confession, he was arrested for possessing the weapon. The weapon was a *.357* caliber Magnum revolver and was loaded with one round. It was secured by the officers and taken to the Canton-Stark County Crime Laboratory for testing and analysis. After test-firing the gun, Criminalist Michael Short determined that it was an operable firearm.

{¶8} The Stark County Grand Jury returned an indictment charging Appellant with one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2) and/or (3). Appellant entered a plea of not guilty to the charge, and the case proceeded to a trial by jury in the Stark County Court of Common Pleas.

{¶9} During the pretrial process, Appellant filed a plea of not guilty by reason of insanity. Based upon this plea, the trial court ordered that sanity and competency evaluations be completed. Once these evaluations were completed, the parties stipulated to their authenticity and admission, and the court found Appellant competent to stand trial.

{¶10} Nero did not testify or offer any evidence at trial in his defense. He did, however, stipulate to his prior felony convictions that gave rise to the disability regarding firearms.

{¶11} At the conclusion of the trial, the jury found Appellant guilty as charged. The trial court sentenced him to a prison term of three years, to run consecutively with a three year prison term imposed in a separate criminal prosecution.

{¶12} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶13} "I. APPELLANT'S CONVICTIONS [SIC] WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

## I.

{¶14} In his sole Assignment of Error, Appellant argues that his conviction is against the manifest weight and sufficiency of the evidence.

{¶15} Specifically, Appellant argues no direct physical evidence linked him to the revolver found in this case and further, that his confession was made while under the influence of alcohol.

{¶16} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶17}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. *See also, State v. Thompkins,* 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶18}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

**{¶19}** Appellant was convicted of one count of Having Weapons While Under Disability, in violation of R.C. §2923.13(A)(2) and/or (3), which provides:

**{¶20}** "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

**{¶21}** "(1) ***

**{¶22}** "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission

of an offense that, if committed by an adult, would have been a felony offense of violence.

**{¶23}** "(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."

**{¶24}** In order to "have" a firearm or dangerous ordinance within the meaning of R.C. 2923.13, an individual must either actually or constructively possess it. Actual possession requires ownership and/or physical control, while constructive possession may be achieved by means of an agent. *State v. Hardy* (1978), 60 Ohio App.2d 325, 397 N.E.2d 773. Syllabus by the court, paragraph one.

**{¶25}** Appellant does not dispute that he had previously been convicted of felony offenses from which he is prohibited by law from possessing a firearm. Instead, he challenges the "possession" element of the statute.

**{¶26}** In the case *sub judice*, the State presented evidence that Appellant made a statement to police that he brought the revolver with him to his parents' house but when he saw that the police were there, he hid the revolver under some bushes so that he could retrieve it later. (T. at 147). Appellant also told the police that he had taken the weapon from his girlfriend's apartment without anyone's knowledge. *Id.*

**{¶27}** The State also presented evidence that the weapon was operable and capable of being fired. (T. at 175).

**{¶28}** On cross-examination, Officer Rastetter admitted that the area where the revolver was found was a common area, accessible to other tenants. (T. at 161, 169-170). Officer Rastetter also acknowledged that he did notice an odor of alcohol coming from Appellant, but that his observation was that Appellant was coherent. (T. at 164-165). He explained that Appellant was not slurring his words, stumbling, or exhibiting any other signs of impairment or intoxication. *Id.*

**{¶29}** Based on the foregoing evidence presented, a rational trier of fact could find that Appellant committed the crime of having weapons while under disability.

**{¶30}** In this case, the jury chose to believe the State's evidence. A conviction is not against the manifest weight of the evidence because the trier of fact believed the state's version of events over the appellant's version. *State v. Gale,* 10th Dist. No. 05AP-708, 2006-Ohio-1523, ¶ 19; *State v. Williams,* 10th Dist. No. 08AP719, 2009-Ohio-3237, ¶ 17. The trier of fact is free to believe or disbelieve all or any of the testimony. *State v. Jackson* (Mar. 19, 2002), 10th Dist. No. 01AP-973; *State v. Sheppard* (Oct. 12, 2001), 1st Dist. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. *State v. Williams,* 10th Dist. No. 02AP-35, 2002-Ohio-4503, ¶ 58; *State v. Clarke* (Sept. 25, 2001), 10th Dist. No. 01AP-194. Consequently, an appellate court must ordinarily give great deference to the fact finder's determination of the witnesses' credibility. *State v. Covington,* 10th Dist. No. 02AP-245, 2002-Ohio-7037, ¶ 28; *State v. Hairston,* 10th Dist. No. 01AP-1393, 2002-Ohio-4491, ¶ 74.

**{¶31}** Based on the evidence presented, we find sufficient credible evidence to support the jury's guilty verdict and cannot say that the jury clearly lost its way and created a manifest miscarriage of justice when it convicted Appellant.

**{¶32}** Appellant's sole Assignment of Error is overruled.

**{¶33}** For the foregoing reasons, the decision of the Common Pleas Court of Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P.J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0806

[Cite as *State v. Nero*, 2012-Ohio-4033.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| PATRICK NERO | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00015 |


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES