[Cite as *State v. Knicely*, 2011-Ohio-4879.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | C.A. No. 10CA0029 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RORY KNICELY | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. TRC-10-03-02136 |

DECISION AND JOURNAL ENTRY

Dated: September 26, 2011

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Rory Knicely, appeals from his conviction in the Wayne County Municipal Court. This Court affirms.

I

{¶2} Shortly after 11:30 p.m. on March 17, 2010, Trooper Vernon Pickering stopped a speeding motorcycle on State Route 585. Trooper Pickering detected a moderate odor of alcohol and asked the driver, Knicely, whether he had been drinking. Knicely admitted that he had consumed one to two beers at a friend's house. Trooper Pickering then administered several field sobriety tests and arrested Knicely as a result of the tests. Knicely refused to submit to blood alcohol content level testing at the police station. At the time of his arrest, Knicely had one prior conviction for operating a vehicle while intoxicated.

{¶3} Knicely was charged with speeding, in violation of R.C. 4511.21(D)(1), and driving while under the influence, in violation of both R.C. 4511.19(A)(1)(a) and R.C.

4511.19(A)(2). A jury found Knicely guilty of violating R.C. 4511.19(A)(2), and the trial court dismissed the remaining charges. The court sentenced Knicely to jail, house arrest, community control, and a fine.

{¶4} Knicely now appeals from his conviction and raises three assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED IN IMPROPERLY AND PREJUDICIALLY INSTRUCTING THE JURY TO DISREGARD COMMENTS BY DEFENSE COUNSEL REGARDING THE PROSECUTION'S FAILURE TO SHOW A VIDEO TAPE OF THE ARREST THEREBY DENYING APPELLANT RORY KNICELY HIS RIGHTS TO DUE PROCESS OF LAW AND TO A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

{¶5} In his first assignment of error, Knicely argues that the trial court erred by instructing the jury to disregard certain comments his counsel made in closing argument. We disagree.

{¶6} "The assessment of whether permissible bounds of closing argument have been exceeded is, in the first instance, a discretionary function to be performed by the trial court." *State v. Caldwell* (Dec. 4, 1991), 9th Dist. No. 14720, at *11. "Such a determination will not be reversed on appeal absent an abuse of discretion." Id. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶7} Although there was a videotape recording of the traffic stop in this case, the State opted not to introduce it at trial. The State instead relied upon Trooper Pickering's testimony to prove its case against Knicely. Rather than introduce the videotape himself, Knicely's counsel

drew attention to its absence throughout trial. He criticized Trooper Pickering's field sobriety testing methods based on his own viewing of the videotape and repeatedly asked him questions, such as, "[a]nd you *** don't have the tape here to tell me otherwise, correct?" The State did not reference the videotape in the initial portion of its closing argument. Defense counsel, however, argued as follows:

> "[The State] could [have] given you a video of the entire incident, start to finish. Why not give it to you though? I mean, obviously he is going to be falling down drunk. Obviously he is not going to be able to do the test. Why did they not give you the video? *Because it doesn't show him intoxicated.* Do you think they would prove their case by hiding the video from you?" (Emphasis added.)

The State objected to the foregoing statements, and the court agreed they were improper. The court instructed the jury as follows:

> "Ladies and gentlemen, before [defense counsel] proceeds, I explained to you that in closing statements people can sum up what the evidence shows. They can't say what they wish the evidence showed or wish the evidence had not shown. For whatever reason we have no video here. That has no bearing. It is not a part of the evidence that's been presented and we can't make any assumptions about what the video would [have] shown or would not [have] shown. We don't have it. It's not in evidence. So you should disregard and strike any comments that [defense counsel] has made regarding what was in the video or what was not in the video or why the video might not [have] been here. It simply wasn't here. It won't be considered."

Upon rebuttal, the State sought to return to the topic of the videotape to indicate that videotapes are not always presented in traffic stop cases. The court stopped the State and instructed the prosecutor only to say that the tape was not introduced. The prosecutor then told the jury "[t]he tape was not presented to you" and continued her argument without further reference to the videotape.

{¶8} Knicely argues that the trial court's instruction to the jury deprived him of a fair trial because his counsel should have been afforded wide latitude "regarding the impact of the

Prosecution's failure to show that video." He argues that the court's instruction restricted the ability of the jury to draw an inference from the State's failure to play the videotape for them.

{¶9} Initially, we note that the videotape at issue was available to defense counsel throughout the discovery process, and he clearly viewed the videotape as he used its contents to frame his cross-examination. The State did not withhold the videotape or fail to disclose its existence; it simply chose not to introduce the videotape at trial. Similarly, defense counsel made a tactical decision not to seek the introduction of the videotape, despite its availability. The only issue is whether the trial court acted within its authority in instructing the jury to disregard defense counsel's argument about "the Prosecution's failure to show th[e] video."

{¶10} "Parties have wide latitude in their closing statements *** as to what the evidence has shown and what inferences can be drawn from the evidence." (Internal quotations and citations omitted.) *State v. Elder*, 9th Dist. Nos. 25217 & 25259, 2011-Ohio-294, at ¶22. Knicely's counsel, however, sought to draw an inference from the absence of evidence; namely, the videotape. He accused the State of "hiding" the videotape from the jury and suggested that its contents would have exonerated his client, having previously indicated that he viewed the videotape himself. The trial court determined that it was inappropriate for defense counsel to draw inferences about the content of the videotape because it was not evidence in the case. See, generally, *State v. Stephens* (1970), 24 Ohio St.2d 76, 83 ("Where opinions *** are predicated on inferences based upon facts outside the evidence, such opinions have not been countenanced and the judgments in those cases have been reversed upon appeal."). Accordingly, the court exercised its discretion to limit the scope of closing argument. *Caldwell*, at *11.

{¶11} Based on the record before us, we cannot conclude that the trial court's actions here constituted an abuse of discretion. The court instructed the jury that the videotape was not

in evidence and it would not be appropriate to make assumptions about its contents. See *State v. Thomas*, 9th Dist. No. 22340, 2005-Ohio-4265, at ¶26. The court's instruction applied equally to the State, as the court also refused to allow the prosecutor to argue about videotapes on rebuttal. Further, the court's instruction did not pertain to any evidence that was actually introduced at trial. Closing arguments themselves are not evidence and the jury was instructed to that effect. *State v. Frazier* (1995), 73 Ohio St.3d 323, 338. Knicely was able to cross-examine Trooper Pickering at trial based on the existence of the videotape. Its actual contents, however, were not introduced by either party, and it was within the trial court's discretion to limit the parties' arguments accordingly. The record does not support Knicely's assertion that the court's instruction deprived him of a fair trial. Consequently, his first assignment of error is overruled.

Assignment of Error Number Two

"THE EVIDENCE PRESENTED BY THE STATE IN THIS MATTER WAS INSUFFICIENT AS A MATTER OF LAW TO LEGALLY SUPPORT THE JURY VERDICT AS TO THE ELEMENTS OF THIS CRIME."

{¶12} In his second assignment of error, Knicely argues that his conviction is based on insufficient evidence. We disagree.

{¶13} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks* (1991), 61 Ohio St.3d 259, 274. Furthermore:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386.

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶14} R.C. 4511.19(A)(2) governs the crime of driving while under the influence of alcohol and applies to offenders who have been convicted of an equivalent offense within the last twenty years. Knicely does not challenge any particular element of his conviction or deny the existence of his prior conviction. Rather, he argues that his conviction is based on insufficient evidence because it rests solely upon "the subjective impressions of the Trooper[.]"

{¶15} Trooper Pickering testified that he stopped Knicely shortly before midnight on St. Patrick's Day after confirming through the use of his radar that Knicely was speeding. While Knicely attempted to locate his insurance card, Trooper Pickering detected a "moderate odor" of alcohol on his person. Trooper Pickering asked Knicely to step away from the motorcycle he had been driving and sit in the passenger's seat of the police cruiser. Once inside the cruiser, Trooper Pickering again detected the smell of alcohol. Knicely admitted to consuming one to two beers at a friend's house, and Trooper Pickering had him exit the cruiser for the purpose of performing field sobriety tests. Trooper Pickering testified that he performed a horizontal gaze nystagmus test, walk and turn test, and one-leg stand test. Each test elicited more than one clue that Knicely was intoxicated. Yet, Trooper Pickering was never able to verify that conclusion with a blood alcohol content level test because Knicely refused to submit to it.

{¶16} Trooper Pickering was the only witness to testify at trial. At the time of trial, Trooper Pickering had seven years of experience as a State Highway Patrol Officer. He testified that he was trained to perform each of the field sobriety tests he administered on Knicely and had performed the tests hundreds of times in his career. Trooper Pickering opined that, based on his training, experience, and the totality of the circumstances he encountered on the night in question, Knicely was under the influence of alcohol when he was arrested.

**{¶17}** This Court has repeatedly "rejected the argument that an 'arresting officer's opinion that [the defendant] was under the influence of alcohol, with no field sobriety or breath tests to support the opinion, [is] insufficient evidence to establish that [he] was under the influence of alcohol.'" *State v. Gordon*, 9th Dist. No. 25531, 2011-Ohio-3938, at ¶18, quoting *State v. Cunningham* (Sept. 20, 1989), 9th Dist No. 2475, at *2. Here, Trooper Pickering performed field sobriety testing and indicated that the tests resulted in the conclusion that Knicely was intoxicated. Trooper Pickering smelled alcohol on Knicely's person both inside and outside his police cruiser, and Knicely admitted that he had consumed at least some alcohol. Trooper Pickering observed Knicely during the entire traffic stop and testified that, based on his experience, Knicely was intoxicated. Viewing the evidence in a light most favorable to the State, we cannot conclude that the jury erred by convicting Knicely of driving while under the influence. Consequently, Knicely's second assignment of error is overruled.

<u>Assignment of Error Number Three</u>

"THE TRIAL COURT'S CONVICTION OF THE OVI CHARGES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶18}** In his third assignment of error, Knicely argues that his conviction is against the manifest weight of the evidence. We disagree.

**{¶19}** In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when

reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175; see, also, *Otten*, 33 Ohio App.3d at 340.

**{¶20}** Knicely's manifest weight argument is nothing more than a reiteration of his sufficiency argument. He argues, without further elaboration, that Trooper Pickering's testimony was unpersuasive, and the jury lost its way in believing it. Yet, the fact that the jury chose to believe the State's version of the events is not a basis for reversal. "[T]he trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. No. 25161, 2010-Ohio-3296, at ¶15. Here, the jury chose to believe Trooper Pickering's testimony, which stemmed from his observations and professional experience. Knicely's argument that his conviction is against the manifest weight of the evidence lacks merit. His third assignment of error is overruled.

III

**{¶21}** Knicely's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DOUGLAS C. BOND, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and LATECIA E. WILES, Assistant Prosecuting Attorney, for Appellee.