[Cite as *State v. Horner*, 2017-Ohio-7355.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 16AP0053 |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| PAUL F. HORNER, II | | COUNTY OF WAYNE, OHIO |
| | | CASE No. 2016 CRC-I 000010 |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: August 28, 2017

---

HENSAL, Presiding Judge.

{¶1} Paul Horner appeals his convictions and sentence from the Wayne County Court of Common Pleas. We affirm in part, and reverse in part.

I.

{¶2} This appeal concerns Paul Horner's involvement with a failed attempt to manufacture methamphetamine. According to Mr. Horner, he left his apartment one evening, which was on the third floor of a boarding house, to buy groceries. When he returned home, J.S., whom he knew, was there visiting a housemate. J.S. followed Mr. Horner into his apartment. Mr. Horner then went downstairs to the communal kitchen to make dinner. Mr. Horner testified that J.S. then returned to the other housemate's room. Shortly thereafter, Mr. Horner heard an explosion and ran upstairs toward his apartment. As he was doing so, J.S. ran past him on fire. Mr. Horner told a housemate to call 911, and told another housemate, who had a young child with her, to get out of the house. Mr. Horner then put out the fire in his apartment.

{¶3} J.S., however, presented conflicting testimony. According to J.S. Mr. Horner asked him to come to his apartment to make methamphetamine. Mr. Horner told J.S. to bring batteries and Sudafed, but indicated that he had everything else needed to make methamphetamine. J.S. testified that Mr. Horner placed the items necessary to make methamphetamine in a plastic bottle. Mr. Horner instructed J.S. to "gas the bottle[,]" and then went downstairs, locking the door behind him. Shortly thereafter, the bottle exploded and a fire erupted. J.S. managed to put out most of the fire, but sustained second-degree burns in the process. As soon as Mr. Horner unlocked the apartment door, J.S. ran down the stairs and out of the house.

{¶4} A Grand Jury indicted Mr. Horner on counts for aggravated arson in violation of Revised Code Section 2909.02(A)(1); aggravated arson in violation of Section 2909.02(A)(2); illegal manufacture of drugs (methamphetamine) in violation of Section 2925.04(A); illegal assembly or possession of chemicals for the manufacture of drugs (methamphetamine) in violation of Section 2925.041(A); and endangering children in violation of Section 2919.22(B)(6). Mr. Horner pleaded not guilty, and the case proceeded to a bench trial.

{¶5} The trial court found Mr. Horner not guilty of the arson counts, but guilty of the remaining counts. The trial court sentenced him to four years of imprisonment for the illegal-manufacture offense, three years of imprisonment for the illegal-assembly offense, and two years of imprisonment for the endangering-children offense. The trial court ordered the sentences to run concurrently for a total stated prison term of four years. Mr. Horner now appeals, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S JUDGMENT CONVICTING MR. HORNER OF ILLEGALLY MANUFACTURING METHAMPHETAMINE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶6}    In his first assignment of error, Mr. Horner argues that his conviction for illegally manufacturing methamphetamine was not supported by sufficient evidence.    Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7}    Section 2925.04(A), under which Mr. Horner was convicted, provides that "[n]o person shall * * * knowingly manufacture or otherwise engage in any part of the production of a controlled substance."  Mr. Horner argues that this Section requires the actual production of a controlled substance.    Here, he argues, there was simply an attempt to manufacture methamphetamine, which is insufficient to support a conviction under Section 2925.04(A).  This Court, however, has previously rejected this same argument.

{¶8}    In *State v. Gerhart*, the defendant, like here, challenged the sufficiency of his illegal-manufacture conviction on the basis that the State failed to present evidence indicating that he actually produced methamphetamine.  9th Dist. Summit No. 24384, 2009-Ohio-4165, ¶

14. In rejecting the defendant's argument, this Court stated that "R.C. 2925.04(A) contains no requirement that evidence of a manufactured product must be produced in order to obtain a conviction." *Id.* at ¶ 15. Thus, based upon the argument presented and this Court's precedent, we overrule Mr. Horner's first assignment of error.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S JUDGMENT OF CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} In his second assignment of error, Mr. Horner argues that his convictions were against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶10} Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶11} The crux of Mr. Horner's manifest-weight argument is that J.S.'s testimony was not credible, and that it was contradicted by other witnesses. As this Court has stated, "[c]redibility determinations are primarily within the province of the trier of fact[,]" who is "'free to believe all, part, or none of the testimony of each witness.'" *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012–Ohio–4094, ¶ 42, citing *State v. Violett*, 9th Dist. Medina No.

11CA0106–M, 2012–Ohio–2685, ¶ 11; *State v. Cross*, 9th Dist. Summit No. 25487, 2011–Ohio–3250, ¶ 35, quoting *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004–Ohio–7184, ¶ 35. Here, the trial court chose to believe the State's version of the events, which is not a basis for reversal. *State v. Knicely*, 9th Dist. Wayne No. 10CA0029, 2011-Ohio-4879, ¶ 20 ("[T]he fact that the [trier of fact] chose to believe the State's version of the events is not a basis for reversal."). Having reviewed the record, we cannot say that the trial court clearly lost its way by finding Mr. Horner guilty of the illegal-manufacture, illegal-assembly, and endangering-children offenses. Accordingly, Mr. Horner's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED BY FINDING THAT THE OFFENSES MR. HORNER WAS CONVICTED OF WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT.

{¶12} In his third assignment of error, Mr. Horner argues that the trial court erred by finding that his convictions for illegal manufacture, illegal assembly, and endangering children were not allied offenses of similar import. The State concedes that Mr. Horner's convictions for illegal manufacture and illegal assembly are allied offenses, but argues that his remaining conviction (i.e., endangering children) should not merge.

{¶13} At the sentencing hearing, Mr. Horner's trial counsel argued that all three of Mr. Horner's convictions were allied offenses of similar import and, accordingly, should merge for purposes of sentencing. In rendering its sentence, the trial court stated that it was "not sure if they are allied offenses, but, the court will run all sentences concurrently[.]" The trial court, therefore, did not make a determination as to whether Mr. Horner's convictions were allied offenses of similar import. Further, the imposition of concurrent sentences is not the equivalent of merging allied offenses. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17.

Because it is unclear from the face of the record whether these offenses could not merge, we remand this matter to the trial court for it to make a determination in that regard in the first instance. *State v. Burge*, 9th Dist. Lorain No. 16CA010936, 2017-Ohio-5836, ¶ 46. Mr. Horner's third assignment of error is sustained on that basis.

III.

{¶14} Mr. Horner's first and second assignments of error are overruled. Mr. Horner's third assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.