[Cite as *State v. Murr*, 2023-Ohio-1934.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

ANGEL MURR

    Appellant

C.A. No.    22CA011833

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    21CR104398

DECISION AND JOURNAL ENTRY

Dated: June 12, 2023

FLAGG LANZINGER, Judge.

{¶1}    Angel Murr appeals her conviction from the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    A grand jury indicted Ms. Murr on one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), and one count of possessing drug abuse instruments in violation of R.C. 2925.12(A). The State later dismissed the count of possessing drug abuse instruments. The matter proceeded to a jury trial wherein the following testimony was adduced.

{¶3}    On May 28, 2020, an officer from the Lorain Police Department responded to a call regarding suspected drug use in a residential area. The caller indicated that an SUV was parked in a driveway, and that it looked like the occupant was using drugs. The officer responded to the scene and pulled behind Ms. Murr's SUV. As soon as the officer exited his cruiser, Ms. Murr

exited the driver's side of her SUV, and R.T. exited the passenger's side. The officer described Ms. Murr's behavior as hyper and overwhelmed.

{¶4} Less than one minute later, a corporal from the Wellington Police Department arrived at the scene. The corporal observed what appeared to be drugs wrapped in cellophane in plain view on the passenger seat of Ms. Murr's SUV. The officer testified that Ms. Murr admitted to purchasing drugs in Cleveland with R.T. earlier that day. The officer also testified that Ms. Murr claimed that the drugs were not hers, and that she denied ingesting any drugs that day.

{¶5} The corporal secured the substance as evidence, which was later tested and confirmed as being .13 grams of a fentanyl-related compound. The corporal testified that Ms. Murr appeared to be under the influence of something, but he could not confirm whether Ms. Murr was under the influence of the drugs found in her SUV. The corporal and the officer placed Ms. Murr and R.T. under arrest and searched Ms. Murr's SUV. They then discovered a syringe in the passenger-side cupholder of the center console.

{¶6} The woman who owns and lives at the house where Ms. Murr parked her SUV testified at trial. She testified that she and her husband were having work done on their roof, and that their contractor asked if one of his workers (i.e., R.T.) could come later that evening to finish certain work. The homeowner testified that she and her husband acquiesced, and that the worker arrived in the evening with a woman (i.e., Ms. Murr). The homeowner testified that the woman had one shoe on and was dancing in the driveway, yet there was no music playing. The homeowner described the woman's behavior as erratic and testified that her husband called their roofing contractor to tell him what was happening. The homeowner also testified that she called her daughter to tell her what was happening, and that her daughter was the person who called the police.

**{¶7}** The State rested and the defense did not present any witnesses. The jury found Ms. Murr guilty, and the trial court sentenced her to community control. Ms. Murr now appeals her conviction, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE JURY'S VERDICT WAS BASED UPON INSUFFICIENT EVIDENCE AS TO POSSESSION OF DRUGS.

**{¶8}** In her first assignment of error, Ms. Murr argues that the State failed to present sufficient evidence to support her conviction. For the following reasons, this Court disagrees.

**{¶9}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* The trier of fact is entitled to rely on direct, as well as circumstantial evidence. *See id.*

**{¶10}** R.C. 2925.11(A), under which Ms. Murr was convicted, provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." A person acts "knowingly" when the person "is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "'Possess' or

'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶11} "This Court has repeatedly held that a person may knowingly possess a substance or object through either actual or constructive possession." *State v. Higgins*, 9th Dist. Summit No. 27700, 2018-Ohio-476, ¶ 17, quoting *State v. Rowe*, 9th Dist. Summit No. 27870, 2016-Ohio-5395, ¶ 9. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within h[er] immediate physical possession." *Id.* "As this Court recognizes, '[t]he crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it.'" (Alterations sic.) *State v. Pari*, 9th Dist. Summit No. 28098, 2017-Ohio-4165, ¶ 10, quoting *State v. Reis*, 9th Dist. Summit No. 26237, 2012-Ohio-2482, ¶ 7. "Nevertheless, 'constructive possession may be inferred from the drugs' presence in a usable form and in close proximity to the defendant.'" *Pari* at ¶ 10, quoting *State v. Figueroa*, 9th Dist. Summit No. 22208, 2005-Ohio-1132, ¶ 8. "Circumstantial evidence is itself sufficient to establish dominion and control over the controlled substance." *Pari* at ¶ 10, quoting *State v. Hilton*, 9th Dist. Summit No. 21624, 2004-Ohio-1418, ¶ 16. "Additionally, [p]ossession of a drug includes possessing individually, or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others." (Alteration sic.) *Higgins* at ¶ 17, quoting *Rowe* at ¶ 9.

{¶12} Here, Ms. Murr solely argues that the State failed to present sufficient evidence to prove that she constructively possessed the drugs. In support of her argument, Ms. Murr asserts that the police found the drugs on the passenger seat, and that no testimony connected her to the

drugs. Ms. Murr also asserts that R.T. was the passenger in her SUV, and that he had immediate access to the drugs. Ms. Murr concludes that the mere fact that drugs were found in her SUV is insufficient to prove possession.

{¶13} Ms. Murr's argument lacks merit. As this Court has acknowledged, "constructive possession may be inferred from the drugs' presence in a usable form and in close proximity to the defendant." *Pari* at ¶ 10, quoting *Figueroa*, ¶ 8. The State presented evidence indicating that Ms. Murr owned the SUV and was sitting in the driver's seat before the officer arrived. The State also presented evidence indicating that the corporal saw the drugs wrapped in cellophane on the passenger seat of Ms. Murr's SUV. Additionally, the State presented evidence indicating that Ms. Murr admitted to driving to Cleveland earlier that day with R.T. to buy drugs, although she denied that they were her drugs. Viewing the evidence in a light most favorable to the State, this Court concludes that the State presented sufficient evidence to allow the jury to reasonably conclude that Ms. Murr had constructive possession of the drugs. *See Pari* at ¶ 10; *Jenks*, 61 Ohio St.3d at 273 (1991).

{¶14} Additionally, Ms. Murr's argument ignores case law regarding joint possession, that is, "when two or more persons together have the ability to control an object, exclusive of others." (Alteration sic.) *Higgins* at ¶ 17, quoting *Rowe* at ¶ 9. Thus, despite Ms. Murr's argument to the contrary, the fact that R.T. also had access to the drugs does not establish that the State failed to present sufficient evidence to prove that Ms. Murr possessed the drugs.

{¶15} Viewing the evidence in a light most favorable to the State, this Court concludes that the State presented sufficient evidence to allow the jury to reasonably conclude that the State proved that Ms. Murr possessed a fentanyl-related compound beyond a reasonable doubt. *Jenks*, 61 Ohio St.3d at 273 (1991). Accordingly, Ms. Murr's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION AS TO POSSESSION OF DRUGS WAS
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16}  In her second assignment of error, Ms. Murr challenges the manifest weight of the
evidence presented at trial. When considering whether a conviction is against the manifest weight
of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider
> the credibility of witnesses and determine whether, in resolving conflicts in the
> evidence, the trier of fact clearly lost its way and created such a manifest
> miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for
the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State
v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶17}  Ms. Murr's challenge to the manifest weight of the evidence is an almost verbatim
recitation of her challenge to the sufficiency of the evidence. But the testimony and the evidence
summarized above similarly show that Ms. Murr's conviction is not against the manifest weight
of the evidence. *See State v. Johnson*, 9th Dist. Lorain No. 13CA010496, 2015-Ohio-1689, ¶ 14
(addressing a manifest-weight argument premised upon the same grounds as a sufficiency
argument); *see State v. Reye,* 9th Dist. Lorain No. 15CA010770, 2016-Ohio-3495, ¶ 29, citing
*State v. Henry,* 9th Dist. Summit No. 27758, 2016-Ohio-680, ¶ 17 ("We also reject [the appellant's]
manifest weight challenge to his conviction * * * since it relies on the same grounds as his
sufficiency challenge."). Additionally, while Ms. Murr told the responding officer and corporal
that the drugs were not hers, the jury was not required to accept her version of the events. *See State
v. Bersch*, 9th Dist. Wayne No. 20AP0018, 2021-Ohio-3957, ¶ 16. Having reviewed the record,
this Court concludes that this is not the exceptional case in which the evidence weighs heavily

against Ms. Murr's conviction. *Otten*, 33 Ohio App.3d at 340. Accordingly, Ms. Murr's second assignment of error is overruled.

III.

{¶18}  Ms. Murr's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRETT F. MURNER, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.